FILED
FEB - 8 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

United States District Court
District of Columbia

Jeremy Pinson, Reg. No. 16267-064,
Plaintiff, FCI-SMU
POB 1000
TALLADEGA, AL 35160

v.

Harley Lappin,
Defendant

Case: 1:11-cv-00324
Assigned To : Unassigned
Assign. Date : 2/8/2011
Description: Pro Se Gen. Civil

COMPLAINT

## Jurisdiction

1. Jurisdiction is asserted pursuant to 28 U.S.C. 1331-32, 1343, 1361, 2201-02.

## Venue

2. Venue is asserted proper as the actions which give cause for suit occurred in Washington, D.C.

## Parties

3. Jeremy Pinson Reg. No. 16267-064, is an inmate confined in the Federal Bureau of Prisons ("BOP").

4. Harley Lappin, the defendant, is employed as Director of the BOP at 320 First Street NW, Washington, DC, 20534.

RECEIVED
JAN - 6 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

## First Causes of Action

5. Claim One: Violation of Fifth and Eighth Amendments, First Amend.

### Statement of Facts

6. Plaintiff suffers from Post-Traumatic Stress Disorder and Bipolar Disorder.

7. Defendant Lappin is the final decisionmaker regarding transfers to the U.S. Penitentiary Administrative Maximum ("ADX").

8. Inmates confined to ADX have no social contact with other persons and are housed in solitary confinement indefinitely.

9. BOP Regulations prohibit transfer of persons suffering from serious mental illness to ADX.

10. Beginning in July 2010 Plaintiff was referred for transfer to the ADX.

11. Inmates referred to ADX must undergo a medical, dental and psychological evaluation prior to referral to ADX, Plaintiff received none.

12. Plaintiff was referred to ADX in retaliation for filing civil lawsuits against the BOP, Plaintiff became aware of this after being informed by sympathetic staff members.

2

13. Defendant Lappin is aware ADX referrals are being done for retaliatory purposes and in violation of BOP regulations but has failed to properly train and supervise subordinates to abate this practice.

14. Plaintiff's mental condition would be greatly exacerbated by confinement at the ADX.

15. Defendant Lappin is aware of Plaintiff's condition but has failed to suspend or reverse plaintiff's referral to ADX.

## Second Cause of Action

16. Claim Two: Violation of Eighth Amendment.

## Statement of Facts

17. Plaintiff is an ex-member of the Sureno gang.

18. The Sureno gang is a criminal organization operating with 53,000 members in state and federal custody engaged in homicides, assaults, bribery, drug trafficking, extortion.

19. All gangmembers who leave the gang are targeted for death by the Surenos utilizing a "hit list". Once a member is added to the list all members are obligated to kill that member or be penalized with the same for failure.

20. Hundreds of assaults and numerous homicides in the BOP are attributed to inmate gang activity.

21. Defendant Lappin is aware there are no policies in the BOP to classify ex-gangmembers and house them in institutions or units seperate from active gangs and their associates which exposes those inmates to a constant risk of being assaulted or killed.

22. Defendant Lappin is aware the BOP lacks a cohesive investigative body to investigate, classify and share information concerning gang activity which permits such gangs to continue to plan, communicate and execute conspiracies to murder, assault or extort other inmates. Plaintiff has been repeatedly assaulted.

23. Defendant Lappin has failed to properly train and supervise staff, implement policies regarding control and monitoring of prison gangs throughout the BOP.

## Requested Relief

24. Compensatory Damages of $1.00

25. Punitive Damages of $90,000.00

26. Injunction enjoining Lappin, his subordinate employees or successors from housing Plaintiff at the ADX or any facility where there is not adequate psychological, psychiatric treatment.

4

27. Declaratory Judgment declaring Program Statement 5217.01 unconstitutional.

28. Declaratory Judgment declaring Lappin has an Eighth Amendment obligation to implement procedures for protecting ex-gangmembers and for monitoring, investigating and sharing information on gang activity to limit, control, or prevent criminal activity and inmate-on-inmate violence, that current BOP procedures are inadequate.

I declare the aforegoing is true and correct under penalty of perjury pursuant to 28 USC 1746.

*[signature]*
Jeremy Pinson # 16267-064
Fed. Corr. Inst. S.M.U.
PO Box 1000
Talladega, AL, 35160
Plaintiff